Rob Yang (SBN 312964)
ryang@constangy.com
Andrew Chase
(Pro Hac Vice Forthcoming)
achase@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: 415.528.2993

*Attorneys for Defendant Kargo Global, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRETT DESMARAIS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KARGO GLOBAL, LLC,<br><br>Defendant. | Case No. 3:26-cv-11080-EMC<br><br>[Filed concurrently with Stipulated Request and [Proposed] Order]<br><br>**DECLARATION OF ROB YANG IN SUPPORT OF STIPULATED REQUEST FOR ORDER SETTING BRIEFING SCHEDULE AND RESETTING CASE MANAGEMENT DEADLINES**<br><br>Judge: Hon. Edward M. Chen<br><br>Complaint Filed: September 29, 2026 |

I, Rob Yang, declare as follows:

1. I am an attorney licensed to practice in California, admitted to practice before this Court, and counsel for Defendant Kargo Global, LLC ("Kargo") in this action. I submit this declaration in support of the Parties' Stipulated Request for Order Setting Briefing Schedule and Resetting Case Management Deadlines (the "Stipulated Request"). I have personal knowledge of the facts stated here and, if called as a witness, could and would testify competently to them.

2. Plaintiff Brett Desmarais ("Plaintiff") filed the Class Action Complaint (the "Complaint") on September 29, 2026, and served Kargo on October 5, 2026. ECF Nos.

1, 10. Kargo's response was originally due October 26, 2026. On October 23, 2026, the Parties agreed to extend that deadline to December 28, 2026.

3. Kargo may respond to the Complaint with a motion under Federal Rule of Civil Procedure 12. The Complaint asserts five causes of action: violations of California Penal Code sections 631 and 638.51, intrusion upon seclusion, unjust enrichment, and violation of 18 U.S.C. § 2510 *et seq*. ECF No. 1.

4. Under Civil Local Rule 7-3, a motion filed December 28, 2026 would make Plaintiff's opposition due January 11, 2027, and Kargo's reply due January 19, 2027, because January 18 is a federal holiday. With the motion due during the holidays, the Parties agreed to a 35-day opposition period (to February 1, 2027), a reply due February 23, 2027 (February 15 is a federal holiday), and a hearing on Thursday, March 11, 2027, at 1:30 p.m., or on another date convenient for the Court, on the Court's civil law-and-motion calendar.

5. The Order Setting Initial Case Management Conference and ADR Deadlines keyed its deadlines to a January 5, 2027 CMC: December 15, 2026 for the Rule 26(f) conference and ADR certifications, and December 29, 2026 for the Rule 26(f) report, joint case management statement, and initial disclosures. ECF No. 7. On October 5, 2026, the reassignment order vacated previously scheduled hearing dates and left the ADR deadlines unchanged. ECF No. 9. As things stand, the Parties would have to hold their Rule 26(f) conference and file ADR certifications before Kargo responds to the Complaint.

6. The Parties propose an initial CMC on Tuesday, March 30, 2027, at 1:30 p.m., after the hearing on Kargo's motion, so that case management, the discovery plan, and ADR can be addressed when the scope of the pleadings is clearer. The related deadlines would keep their usual intervals: the Rule 26(f) conference and ADR certifications by March 9, 2027 (21 days before the CMC), and the Rule 26(f) report,

joint case management statement, and initial disclosures by March 23, 2027 (7 days before the CMC).

7. There have been two prior time modifications in this action: the October 5, 2026 reassignment order, which vacated previously scheduled hearing dates (ECF No. 9), and the Parties' October 26, 2026 stipulation extending Kargo's response deadline to December 28, 2026. The Parties have not previously asked the Court for an order changing time.

8. The requested order would set the briefing and hearing schedule described in paragraph 4; move the Rule 26(f) conference and ADR certification deadline from December 15, 2026 to March 9, 2027; move the deadline for the Rule 26(f) report, joint case management statement, and initial disclosures from December 29, 2026 to March 23, 2027; and set the initial CMC for March 30, 2027. Because the scheduling order would then issue after the period in Rule 16(b)(2), the Parties ask the Court to find good cause for that timing. No trial date has been set.

9. The Parties make this request in good faith and not for delay. The case is at its outset, and the proposed schedule will not prejudice any party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2026, at San Francisco, California.

*/s/ Rob Yang*
Rob Yang